IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANDREW GONZALES, TDCJ #1289340, §
§
       Plaintiff, §
§
v. § CIVIL ACTION NO. H-17-3190
§
MATT GROSS, et al., §
§
       Defendants. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andrew Gonzales (TDCJ #1289340), has filed a Verified Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 4), concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the court's request, Gonzales has provided Plaintiff's More Definite Statement of his claims (Docket Entry No. 9); and the State Attorney General's Office has submitted a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1987) ("Martinez Report") (Docket Entry No. 13), as well as a Supplement to that report, which has been filed under seal (Docket Entry No. 14).[1] After considering all of the pleadings, the court concludes that the Complaint should be dismissed for the reasons explained below.

---

[1]Gonzales has filed a "Motion to Strike or Suspend" the court's Order placing the Supplement under seal (Docket Entry No. 17). Because Gonzales subsequently filed a "Notice" stating that he wishes to withdraw that request (Docket Entry No. 18, p. 2), this motion will be denied as moot.

## I. Background

The Complaint in this case stems from a disciplinary proceeding that occurred at the Estelle Unit, where Gonzales is currently incarcerated.[2] Gonzales sues several prison officials employed by TDCJ in connection with the consequences of that proceeding, including: Assistant Regional Director Matt Gross, Major R. Townsend, Chief of Classification Debbie Ballard, Classification Coordinator John Doe, and Assistant Warden Christopher Lacox.[3]

Gonzales alleges that on September 7, 2014, he was involved in an altercation with an officer who is not a party to this lawsuit (Officer Lenderman).[4] As a result of this altercation, Gonzales was charged with a disciplinary violation in Case Number 20150010578.[5] Records provided by the Attorney General's Office show that Gonzales and three other offenders were charged in that case with participating in an altercation that included assaults on multiple officers.[6] Gonzales was charged with participating in a riot with the other offenders that "resulted in a major use of

---

[2] Complaint, Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination at the top assigned to each docket entry by the court's electronic filing system, CM/ECF.

[3] Id. at 2-3.

[4] Id. at 3.

[5] Plaintiff's More Definite Statement, Docket Entry No. 9, p. 3.

[6] TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 58.

force and injuries to officers."[7] The accusing officer stated that Gonzales "struck [him] in the face with a closed fist" during the altercation.[8] A disciplinary hearing officer found Gonzales guilty as charged of participating in a riot (Offense Code 08.0) and assaulting an officer (Offense Code 03.3) in that case.[9] As punishment, Gonzales lost commissary and recreation privileges for 45 days and he also forfeited 349 days of previously earned good-time credit.[10] Gonzales filed grievances to challenge the conviction, but his appeal was unsuccessful.[11]

Gonzales, who was subsequently transferred from "General Population, G4 medium custody status" to administrative segregation,[12] claims that the defendants wrongfully imposed a Security Precaution Designator ("SPD") Code on his classification as a result of his disciplinary conviction in Case No. 20150010578.[13] The SPD Code was imposed based on evidence from the disciplinary

---

[7]Offense Report, Docket Entry No. 13-1, p. 59.

[8]TDCJ Preliminary Investigation Report, Docket Entry No. 13-1, p. 62.

[9]Complaint, Docket Entry No. 4, p. 5; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 58.

[10]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 58.

[11]Plaintiff's More Definite Statement, Docket Entry No. 9, pp. 4-5.

[12]Id. at 4.

[13]Complaint, Docket Entry No. 4, p. 5; Plaintiff's More Definite Statement, Docket Entry No. 9, pp. 5-6.

case showing that Gonzales assaulted Officer Lenderman during the altercation that occurred on September 7, 2014.[14]

Gonzales notes that an SPD Code is a "punitive classification code signifying to all TDCJ employees that [he] assaulted an employee causing him/her serious injuries."[15] Because of the SPD Code, Gonzales explains that he will be subject to a custodial classification with "heightened security" for at least 10 years.[16] Arguing that no officer was hurt during the incident that formed the basis for his disciplinary conviction, Gonzales contends that the SPD code was placed on his classification in retaliation for the grievances that he filed to challenge his conviction in Case No. 20150010578 and an unrelated disciplinary conviction that was entered against him on July 25, 2014, in Case No. 20140335050, for filing a fraudulent financing statement under the Uniform Commercial Code ("UCC").[17] Gonzales also alleges that the SPD code was imposed arbitrarily based on false information in violation of due process.[18] Gonzales seeks declaratory and injunctive relief in

---

[14]Plaintiff's More Definite Statement, Docket Entry No. 9, pp. 2-3.

[15]Complaint, Docket Entry No. 4, p. 5.

[16]Id. at 6.

[17]Complaint, Docket Entry No. 4, pp. 5-7; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 10; Offense Report, Docket Entry No. 13-1, p. 11; Inter-Office Communication dated July 21, 2014, from Sergeant Y. Beltran, Docket Entry No. 13-1, p. 13.

[18]Complaint, Docket Entry No. 4, p. 8.

the form of a court order directing the defendants to remove the SPD code from his classification.[19]

## II. Standard of Review

Because Gonzales is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). An administrative report submitted by state officials pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (a "Martinez report"), is a tool to assist courts in making a determination of frivolity under 28 U.S.C. § 1915. See Norton v. Dimazana, 122 F.3d 286, 292-93 (5th Cir. 1997); see also Cay v. Estelle, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a Martinez report).

The court is mindful of the fact that plaintiff proceeds pro se in this case. Courts are required to give a pro se litigant's contentions, however inartfully pleaded, a liberal construction. See Erickson v. Pardus, 127 S. Ct. 1081, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (noting that allegations in a pro se complaint are held to less stringent

---

[19]Id. at 8-9.

-5-

standards than formal pleadings drafted by lawyers). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are inadequate to state a viable claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

### III. Discussion

A. The Rule in Heck v. Humphrey

To the extent that his allegations may call into question the validity of his disciplinary conviction for assaulting an officer in Case No. 20150010578, which has not been overturned, Gonzales cannot maintain an action under 42 U.S.C. § 1983 under the rule announced in Heck v. Humphrey, 114 S. Ct. 2364 (1994). Under this rule a claim that bears a relationship to a conviction or sentence that has not been invalidated, either by a state tribunal or on federal habeas review, is not cognizable under 42 U.S.C. § 1983. Id. at 2372. Although Heck involved a claim for damages, the Fifth Circuit has held that the rule also applies to claims for injunctive or declaratory relief that implicate the validity of a conviction that has not already been set aside. See Mann v. Denton County Texas, 364 F. App'x 881, 883 (5th Cir. 2010) (citing Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002); and Shaw v. Harris, 116 F. App'x 499 (5th Cir. 2004)). A "conviction" includes a prison disciplinary conviction that results in the loss of good-time credit. See Edwards v. Balisok, 117

S. Ct. 1584, 1589 (1997). Gonzales does not otherwise state a valid claim for relief for the reasons discussed below.

**B.   Due Process**

Gonzales contends that an SPD Code was placed on his classification arbitrarily based on false information in violation of his right to due process.[20] He argues in particular that the SPD Code was improperly imposed because no officer was injured as the result of the altercation that formed the basis for his disciplinary conviction for assaulting an officer in Case No. 20150010578.[21]

To maintain a due process challenge in this context Gonzales must demonstrate that the challenged classification decision "deprived him of a liberty interest protected by the Fourteenth Amendment." Hernandez v. Velasquez, 522 F.3d 445, 562 (5th Cir. 2008) (citing Meachum v. Fano, 96 S. Ct. 2532, 2538 (1976)). As a general matter, however, a prison inmate has no protected liberty interest in his custodial classification. See id.; see also Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (citing Meachum, 96 S. Ct. at 2538). The Fifth Circuit "has repeatedly affirmed that '[p]rison officials should be accorded the widest possible deference' in classifying prisoners' custodial status as necessary

---

[20]Complaint, Docket Entry No. 4, pp. 7-8.

[21]Plaintiff's More Definite Statement, Docket Entry No. 9, pp. 8-9.

'to maintain security and preserve internal order.'" Hernandez, 522 F.3d at 562 (quoting McCord v. Maggio, 910 F.2d 1248, 1251 (5th Cir. 1990); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003)).

A prisoner may maintain a due process challenge to a change in his custodial classification only when he demonstrates "extraordinary circumstances." Hernandez, 522 F.3d at 562. The Supreme Court has limited those circumstances to those that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). Transfer to a supermax prison is one such circumstance. See Wilkinson v. Austin, 125 S. Ct. 2384, 2395 (2005) (finding that prisoners have a liberty interest in avoiding assignment to the harsh conditions of confinement found in a supermax prison). Transfer from medium custody to maximum security, however, is not considered an exceptional circumstance. Meachum, 96 S. Ct. at 2538. Thus, an inmate's confinement in administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

The Attorney General's Office has provided Gonzales's relevant grievance records, which reflect that he has remained in administrative segregation since the incident that formed the basis of his disciplinary conviction in Case No. 20150010578.[22] These

---

[22]Grievance Records for Offender Andrew Gonzales, Docket Entry No. 14-1, pp. 2-139.

records reflect that Gonzales has challenged his classification, arguing that the SPD Code was imposed in error because no officer sustained an injury.[23] Classification officials determined that the SPD Code was appropriate because the officer whom Gonzales assaulted required medical care beyond first aid as a result of the altercation.[24] Although Gonzales complains that this determination is based on false information, he does not allege that there has been a denial of a procedure for demonstrating the falsity of this information. Under these circumstances, Gonzales has not demonstrated that his classification implicates a constitutionally protected liberty interest or that a due process violation has occurred. See Luken, 71 F.3d at 193. Accordingly, Gonzales's due process allegation will be dismissed for failure to state a claim for which relief may be granted.

C. Retaliation

Gonzales contends that the SPD Code was placed on his classification improperly in retaliation for grievances that he filed to challenge his conviction in Case No. 20150010578 for participating in a riot and assaulting an officer on September 7, 2014, and an unrelated disciplinary conviction that was entered against him on July 25, 2014, in Case No. 20140335050, for filing

---

[23]Step 1 Grievance #2017090343, Docket Entry No. 14-1, pp. 103-04.

[24]Id. at 104, 107.

a fraudulent financing statement under the UCC, which is a felony offense under state law.²⁵ Gonzales believes that the SPD Code was imposed because of the grievances he filed to challenge these convictions because "Major Doe" reportedly told him not to file any grievances while he was investigating the disciplinary case filed against him in Case No. 20150010578.²⁶

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); see also Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." Id. (internal quotation marks and citations omitted). The Fifth Circuit has emphasized that prison officials must be given "wide latitude" in the management of inmates and has cautioned district courts to "carefully scrutinize" retaliation claims:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of

---

²⁵Complaint, Docket Entry No. 4, pp. 5-7; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 13-1, p. 10; Offense Report, Docket Entry No. 13-1, p. 11; Inter-Office Communication dated July 21, 2014, from Sergeant Y. Beltran, Docket Entry No. 13-1, p. 13.

²⁶Plaintiff's More Definite Statement, Docket Entry No. 9, p. 6.

retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). An inmate must allege more than his personal belief that he is the victim of retaliation. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)). To demonstrate that a defendant acted with intent to retaliate a prisoner must produce "direct evidence of motivation" or, at the very least, he must "allege a chronology of events from which retaliation may plausibly be inferred." Woods, 60 F.3d at 1166.

By Gonzales's own admission, the SPD Code was imposed on his classification after he was convicted of participating in a riot and assaulting an officer on September 7, 2014, in Case No. 20150010578.[27] Records provided by the Attorney General's Office confirm that the SPD Code has been upheld based on evidence developed in connection with that disciplinary case, showing that the officer whom Gonzales assaulted suffered an injury that required more than first aid.[28] Under these circumstances Gonzales does not satisfy the element of causation for purposes of stating a retaliation claim because he does not allege facts showing that, but for any grievance that he filed, the SPD Code would not have

---

[27]Complaint, Docket Entry No. 4, pp. 5-6.

[28]Step 1 Grievance #2017090343, Docket Entry No. 14-1, pp. 104, 107.

been placed on his classification. Nor has he alleged a chronology of events from which retaliation may plausibly be inferred. See Woods, 60 F.3d at 1166. Gonzales's retaliation claim will therefore be dismissed for failure to state a claim upon which relief my be granted.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follow:

1. This action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion to Strike or Suspend Court Order Granting 'Motion to Seal Supplement to the Attorney General's Martinez Report and Exhibit' (Docket Entry No. 17) is **DENIED AS MOOT**.

3. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE